IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRAIG PAYNE,

       Plaintiff,

v.

MS. MARSH,

       Defendant.

Case No. 25-cv-1335-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Payne's original Complaint (Doc. 1), alleging that Ms. Marsh sexually harassed him, was dismissed without prejudice for failure to state a claim (Doc. 16). Payne was granted leave to file an amended pleading (*Id.*). In his Amended Complaint (Doc. 17), Payne again alleges sexual harassment by Ms. Marsh.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

### The Amended Complaint

On June 13, 2023, Ms. Marsh allegedly looked at Payne while he was naked in his cell (Doc. 17, p. 5). Payne alleges that she looked at his genitals and then banged on the cell window (*Id.*). Payne alleges that this was not the only occasion as she has looked at his genitals more than once. She also allows sexual gestures. Payne also alleges that Ms. Marsh failed to keep him safe, noting that the incident is documented in the report. Unfortunately, however, there are no reports attached to either his original pleading or his Amended Complaint.

### Discussion

Once again, Payne fails to state a claim. His amended pleading provides far less allegations than his original pleading, only alleging that Ms. Marsh has, on more than one occasion, looked into his cell from the window while he was naked and stared at his genitals (Doc. 17, p. 5). Payne fails to explain the context of these actions, whether he was subject to a safety check or whether her gaze was unrelated to her duties (his earlier pleading acknowledged he was on crisis watch). There are also no allegations to suggest that she made any sexual comments, forced him to perform provocative acts, or otherwise sought to demean and humiliate him with her actions. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). It does not appear that Marsh was inside of the cell or made any comments to Payne that would suggest sexual harassment. He alleges that she banged on the cell window and also allowed sexual gestures, but he fails to further explain these gestures. Although Payne labels her actions sexual harassment, nothing in the pleading suggests that her actions rise to the level of a constitutional violation. *See Beal v. Foster*,

803 F.3d 356, 358 (7th Cir. 2015) (verbal sexual harassment as well as other physical instances that were sexually suggestive stated an Eighth Amendment claim); *Calhoun*, 319 F.3d at 939 (body search violates the Eighth Amendment when it is "conducted in a harassing manner intended to humiliate and inflict psychological pain"); *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020) (inmate has severely limited right to "bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand"). His limited allegations fail to state a claim. This is Payne's second attempt to state a viable claim, and he has been unable to do so. The Court finds that further amendment would be futile.

### Disposition

For the reasons stated above, Payne's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Payne's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Payne is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Payne wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Payne does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal,

and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Payne may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 6, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

4